# Supreme Court of Florida

---

No. SC2022-1787

---

**STEVEN EDWARD STEIN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 19, 2024

PER CURIAM.

Steven Edward Stein, a prisoner under sentence of death, appeals the circuit court's order summarily denying his third successive motion for postconviction relief, filed under rule 3.851 of the Florida Rules of Criminal Procedure.[1]  We affirm.

I

In 1991, Stein was convicted of murdering two Pizza Hut employees, Dennis Saunders and Bobby Hood.  *Stein v. State*, 632

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

So. 2d 1361, 1364-65 (Fla. 1994).  We have described the events surrounding the murders as follows:

> Stein, Marc Christmas, and Kyle White were roommates. Stein was employed as a cook at a Lem Turner Road Pizza Hut in Jacksonville, Florida. . . .  On the day of the murders, Christmas, Stein, Stein's girlfriend, and White were home together.  About 9:30 p.m. Stein and Christmas left, taking with them Stein's .22 caliber rifle. They stated that they were going to see Christmas' father about selling him the rifle.  They returned home around 11:30 to 11:45 p.m.
>
> The next morning, Dennis Saunders and Bobby Hood were found shot to death at the Edgewood Avenue Pizza Hut and the sum of $980 was missing from the restaurant.  The victims were shift supervisors of the restaurant and their bodies were found in the men's restroom. . . .  Hood had suffered five gunshot wounds— four to the head and one to the chest.  The medical examiner testified that the shots had been fired from four to six inches away and that Hood was sitting at the time he was shot.  Saunders had suffered four gunshot wounds—one through the neck, one in the right shoulder, one in the chest, and one in the right thigh. . . .
>
> Ronald Burroughs was an employee of the Edgewood Avenue Pizza Hut.  He testified that on the night of the murders, he left the restaurant at 11:15 p.m. When he left, Hood and Saunders were still inside the restaurant and only two customers remained at the restaurant.  Burroughs later identified those two customers as Stein and Christmas.  Additionally, an unpaid guest check on a table in the restaurant contained a fingerprint belonging to Christmas.
>
> Additional testimony revealed that three expended .22 caliber casings were found at the residence of Stein and Christmas.

*Stein*, 632 So. 2d at 1363.

The State charged Stein with two counts of first-degree murder and one count of armed robbery. *Id.* At trial, "[a] ballistics expert testified that the casings found at the scene and the casings found at the residence were fired from the same firearm. Additionally, Christmas's father testified that Stein and Christmas did not come to his house on the night of the murders." *Id.* Following trial, a jury found Stein guilty as charged and recommended death sentences for the murder convictions. The trial court sentenced Stein to death for each murder and to life imprisonment for the robbery.

On direct appeal, we affirmed Stein's convictions and sentences, *id.*, which became final in 1994, *see Stein v. Florida*, 513 U.S. 834 (1994) (denying petition for writ of certiorari from direct appeal); Fla. R. Crim. P. 3.851(d)(1)(A). Since then, Stein has sought postconviction relief in state and federal court, but he has not succeeded in either forum.[2]

---

2. *Stein v. State*, 995 So. 2d 329, 342 (Fla. 2008) (affirming denial of initial postconviction motion); *Stein v. State*, 91 So. 3d 784 (Fla.) (affirming summary denial of first successive postconviction motion), *cert. denied*, 568 U.S. 1034 (2012); *Stein v. Jones*, No. SC16-0621, 2017 WL 836806 (Fla. Mar. 3, 2017) (denying state habeas petition); *Stein v. State*, 237 So. 3d 919 (Fla.) (affirming

Before us now is the circuit court order denying Stein's third successive postconviction motion. Stein's claims involve Kyle White, a state witness who testified at trial that Stein and Christmas planned to kill a Pizza Hut manager. The facts supporting Stein's claims, he tells us, were discovered by an investigator assisting in his pending federal habeas case. That investigator interviewed Sandra Sidas, who was engaged to White at the time of Stein's trial. According to Stein, Sidas said that White expected a deal with the State in exchange for testifying at trial. Based on those allegations, Stein asserted that the State committed a *Brady*[3] violation by not telling the defense about White's expectation of the alleged deal. Stein also claimed that White's expectation of a deal constituted newly discovered evidence under *Jones v. State*, 709 So. 2d 512 (Fla. 1998). The circuit court summarily denied both of Stein's claims.

---

denial of second successive postconviction motion), *cert. denied*, 139 S. Ct. 191 (2018). Stein also filed a federal habeas petition in 2009, which is still pending in the Middle District of Florida. *See Stein v. Sec'y, Fla. Dep't of Corr.*, 3:09-cv-1162 (M.D. Fla.).

3. *See Brady v. Maryland*, 373 U.S. 83 (1963).

This appeal follows.[4]

II

Stein argues that the circuit court erred in denying his successive postconviction motion without first holding an evidentiary hearing. We disagree.

A circuit court "should hold an evidentiary hearing on a rule 3.851 motion where 'the movant makes a facially sufficient claim that requires a factual determination.'" *Booker v. State*, 336 So. 3d 1177, 1180 (Fla. 2022) (quoting *Rogers v. State*, 327 So. 3d 784, 787 (Fla. 2021)); *see also Pardo v. State*, 108 So. 3d 558, 560 (Fla. 2012). However, a "court may summarily deny a postconviction claim when the claim is legally insufficient, procedurally barred, or refuted by the record." *Morris v. State*, 317 So. 3d 1054, 1071 (Fla. 2021) (quoting *Matthews v. State*, 288 So. 3d 1050, 1060 (Fla. 2019)). And relevant here, when a defendant brings any claim in a successive motion more than one year after the judgment and sentence became final, he must meet an exception to the time-limit rule—otherwise, the claim is barred. Fla. R. Crim. P. 3.851(d)(2),

_____

4. The standard of review is de novo. *See Dillbeck v. State*, 357 So. 3d 94, 98 (Fla.), *cert. denied*, 143 S. Ct. 856 (2023).

- 5 -

(e)(2). With this framework in mind, we now turn to Stein's two claims.

A

We first consider Stein's *Brady* claim. As an initial matter, the claim is untimely. The relevant procedural rule provides an exception to the time limit if the facts supporting the claim "were unknown to the [defendant] and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.851(d)(2)(A). It is undisputed that Stein knew Sidas before trial—not only was she engaged to his roommate, but they also lived together. Stein also knew White and specifically cross-examined him at trial on the theory that White was trying to avoid prosecution by testifying against Stein. Stein had access to both witnesses and could have questioned Sidas on that theory or questioned White further. Stein has offered no reason why, with due diligence, he could not have timely discovered White's alleged expectation of an agreement with the State. Yet, Stein failed to raise this claim until well after his case became final. Thus, the claim is procedurally barred.

Even if Stein's claim were not barred, it would fail on the merits. To prevail on a *Brady* claim, a defendant must prove that

(1) favorable evidence which is exculpatory or impeaching (2) was suppressed by the State, and (3) because the evidence was material, he was prejudiced. *See Sweet v. State*, 293 So. 3d 448, 451 (Fla. 2020). His claim fails on the second and third prongs.

In his motion, Stein failed to allege specific facts showing that the State knew about or suppressed information relating to White's expectations. Nor would the record support such an assertion. At trial, Stein cross-examined White and asked him whether he was concerned that he might be prosecuted for the murders. The State at no point tried to limit this line of inquiry. *Cf. Morris*, 317 So. 3d at 1071 ("[T]here is no *Brady* violation where the information is equally accessible to the defense and the prosecution . . . ." (quoting *Peede v. State*, 955 So. 2d 480, 497 (Fla. 2007))).

Nor do we find White's alleged expectation to be material. Impeaching White with this information would not put Stein's case in a "different light." *See Sweet*, 293 So. 3d at 452. The State's case was strong and included Stein's own confession to the robbery. *See Stein v. State*, 995 So. 2d 329, 338 (Fla. 2008). And given that Stein already cross-examined White about possible bias, it is unlikely that further impeachment on this related subject would

alter the result in this case. *See Sweet*, 293 So. 3d at 452. Thus, Stein's *Brady* claim does not warrant relief.

## B

We next consider Stein's newly discovered evidence claim. It fares no better. To be facially sufficient, a newly discovered evidence claim must pass the *Jones* test. The test proceeds in two parts:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such [a] nature that it would probably produce an acquittal on retrial.

*Long v. State*, 183 So. 3d 342, 345 (Fla. 2016) (quoting *Tompkins v. State*, 994 So. 2d 1072, 1086 (Fla. 2008)). As relevant here, if "the defendant is seeking to vacate a sentence, the second prong requires that the newly discovered evidence would probably yield a less severe sentence." *Walton v. State*, 246 So. 3d 246, 249 (Fla. 2018) (citing *Jones v. State*, 591 So. 2d 911, 915 (Fla. 1991)).

We agree with the circuit court that Stein cannot prevail on his newly discovered evidence claim. First, Stein relies on the same rule 3.851 time-limit exception here as above. And as discussed

above, Stein has failed to establish that he exercised due diligence. His claim is thus barred as untimely.

Moreover, even if Stein's newly discovered evidence claim were not barred, it would still fail. Based on the record, we conclude that neither White's expectation of a deal, nor Sidas's statement about a deal, would "probably produce an acquittal on retrial." *See Long*, 183 So. 3d at 345. Stein cannot meet the *Brady* materiality standard, nor can he meet the more demanding *Jones* probability standard. *Cf. Truehill v. State*, 358 So. 3d 1167, 1185 (Fla. 2022) (failure under lower prejudice standard is consistent with failure under more demanding standard). As we stressed above, the State's case was strong and unrebutted. *See Stein*, 995 So. 2d at 338. And given that Stein already unsuccessfully sought to impeach White on his fear of prosecution, more impeachment on that related topic would not greatly undermine White's credibility. *See, e.g., Hutchinson v. State*, 343 So. 3d 50, 54 (Fla. 2022) (*Jones* probability standard not satisfied where additional evidence would only amplify evidence defense already presented at trial and would not weaken State's overwhelming evidence of guilt (citing *Bogle v.*

*State*, 288 So. 3d 1065, 1069 (Fla. 2019))). Thus, Stein's *Jones* claim fails.

III

For these reasons, we affirm the circuit court's summary denial of Stein's third successive motion for postconviction relief.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Duval County,
    Kevin Anthony Blazs, Judge
    Case No. 161991CF001505AXXXMA

Robert Friedman, Capital Collateral Regional Counsel, Dawn B. Macready, Assistant Capital Collateral Regional Counsel, and Drew A. Sena, Assistant Capital Collateral Regional Counsel, North Region, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

    for Appellee